# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **J.B. and B.B.**

**No. 22-0216** (Lewis County 20-JA-49 and 20-JA-50)

## MEMORANDUM DECISION

Self-represented grandparents and petitioners, H.G. and C.G., appeal the Circuit Court of Lewis County's February 22, 2022, order denying them permanent placement of J.B. and B.B.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Lee A. Niezgoda, and the guardian ad litem ("guardian"), Jamella L. Lockwood, filed a joint response in support of the circuit court's order. Petitioners filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioners are the maternal grandparents of J.B. and B.B., who were the subjects of an August of 2020 abuse and neglect petition involving their parents. In January of 2022, the circuit court held a permanency hearing regarding petitioners' motion for permanent placement of the children. The court heard testimony from four DHHR workers and the children's therapist. Petitioners were permitted the opportunity to cross-examine those witnesses and present evidence, including their own testimony. Based on that evidence, the court denied petitioners' motion for placement of the children. It found that in August of 2020, then-five-year-old J.B. and one-year-old B.B. were placed with petitioners pending a home study of their home. Shortly after their placement in petitioners' home, a DHHR worker discussed with petitioners the potential issues with the condition of their home, such as excessive clutter and uncleanliness.

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

In February of 2021, a representative from the DHHR's home finding unit visited the home and found issues that were previously addressed (clutter and uncleanliness) had not been remedied. She advised petitioners that they needed to rectify these problems. When she returned in April of 2021, she found only slight improvement with petitioners' home. Further, the representative observed multiple animals in the home, including skunks, chickens, rabbits, dogs, and cats. During the April visit, photographs were taken of petitioners' home, and based on those photographs, the circuit court found that petitioners' home was in deplorable condition and unfit for minor children. As the circuit court further found, petitioners "officially failed their first home study" in May of 2021.

Later in May of 2021, the children were returned to the parents' care while they completed the remainder of their improvement period. Unfortunately, the parents failed to fully comply, so the children were removed from their parents' care and placed in foster care in July of 2021. Petitioners requested a second home study in September of 2021. On November 1, 2021, an addendum to petitioners' original home study was entered, indicating that petitioners had resolved the issues and that the home was suitable for the children. The DHHR continued the children's foster care placement. Later in November of 2021, the guardian made an unannounced visit to petitioners' home and obtained photographs of its state, which showed the home had returned to an unsuitable state. Upon its review of the photographs, the court found that the home was excessively cluttered, with "items stacked to the ceiling in several locations" and clutter blocking doors and windows. The court also observed that the bathroom and kitchen of the home were filthy. The court concluded that the home was not fit and suitable for children. Soon after, in January of 2022, a second representative from the DHHR home finding unit made an unannounced home visit to petitioners' home and found that it remained in an unsuitable condition. She prepared a "corrective action plan," detailing eleven required changes in the home. Notably, petitioner C.G. admitted during the permanency hearing in January of 2022 that her home was not appropriate when the children were placed there.

In addition to the condition of the home, witnesses testified that it would not be in the children's best interests to live with petitioners. J.B.'s therapist testified that J.B. did not wish to live with petitioners and that J.B. was having "repeated accidents" after visiting with them.

Ultimately, the circuit court found that petitioners continued to demonstrate that they were unable to maintain a clean, sanitary, fit and proper residence for children. It further found that it was not in the children's best interests to be placed with petitioners. Accordingly, the court denied their motion to intervene and for permanent placement of J.B. and B.B. by its February 22, 2022, order. Petitioners now appeals.[2]

The Court has previously established the following standard of review:

---

[2]The parents' parental rights were terminated in October of 2021. According to the parties, the permanency plan for the children is adoption in their current placement.

2

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioners argue that the circuit court erred in denying their motion for permanent placement of the children. They dispute many, if not all, of the circuit court's factual findings as misleading or inconsistent with the testimony presented at the permanency hearing. Petitioners take particular issue with the DHHR's failure to place the children with them following the children's removal from the parents in July of 2021. Upon review of the record in its entirety, we find petitioners are entitled to no relief on appeal.

West Virginia Code § 49-4-113(a)(3) (also known as "the grandparent preference" statute) requires the DHHR to "first consider the suitability and willingness of any known grandparent or grandparents" when seeking any placement of a child for adoption. The statute requires the DHHR to conduct a home study evaluation of the grandparents and their home, and if it determines "based on the home study evaluation, that the grandparents would be suitable adoptive parents, it shall assure that the grandparents are offered the placement of the child prior to the consideration of any other prospective adoptive parents." *Id*. This Court has recognized that "the Legislature has implicitly included [in West Virginia Code § 49-1-114(a)(3)] the requirement for an analysis by the [DHHR] and circuit courts of the best interests of the child, given all circumstances of the case." Syl. Pt. 3, in part, *In re K.E.*, 240 W. Va. 220, 809 S.E.2d 531 (2018) (citation omitted). In other words, "[t]he [grandparent] preference is just that—a preference. It is not absolute. As this Court has emphasized, the child's best interest remains paramount." *Id.* at 225, 809 S.E.2d at 536.

Contrary to petitioners' argument on appeal, the record provided supports the circuit court's findings of fact and conclusions of law.[3] The circuit court detailed petitioners' failure to maintain a suitable home for the children during their placement in the home and thereafter. Despite multiple parties notifying petitioners that the condition of their home was a barrier to

---

[3]Notably, the transcript of the circuit court's permanency hearing was not included in the record by any party.

permanent placement, they chose not to remedy those conditions. Even as recently as January of 2022, with petitioners' motion for permanent placement of the children pending and clear direction from the DHHR, the circuit court found that their home continued to be inappropriate for the children. Further, the circuit court heard evidence that J.B. did not wish to live with petitioners and had repeated toileting accidents following his visitation with them. Based on this evidence, we find no error in the circuit court concluding that it was not in the children's best interest to be placed with petitioners and in denying their motion for permanent placement. Moreover, the record confirms that petitioners failed their home study in May of 2021, which was not amended as passing until November of 2021. As such, to the extent petitioners argue that the DHHR failed to place the children with them when the children were removed a second time from the parents in July of 2021, it is clear that the DHHR had recently determined that petitioners' home failed the home study, so they did not qualify for placement. Accordingly, petitioners are entitled to no relief on appeal.

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 22, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: September 20, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn